UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **VERONA SKY INTERNATIONAL TRADING CO., LTD., AND CHENGDU JIEYUAN DUNZHI E-COMMERCE CO., LTD.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SEMISILICON TECHNOLOGY CORP.,**<br><br>**Defendant.** | **Case No.**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**DEMAND FOR A JURY TRIAL.** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Verona Sky International Trading Co., Ltd. d/b/a Verona Sky ("Verona Sky") and Chengdu Jieyuan Dunzhi E-Commerce Co., Ltd. d/b/a JY Furniture ("JY Furniture"), by and through their undersigned counsel, bring this action against Defendant Semisilicon Technology Corp. ("SemiTech" or "Defendant") for declaratory judgment that claim 1 of U.S. Patent No. 8,124,988 (the "'988" Patent), purportedly owned by SemiTech, is invalid and/or not infringed by the manufacture, use, sale, offer for sale, or importation of Plaintiffs' products, and for unfair competition and tortious interference with prospective economic advantage arising from SemiTech's objectively baseless and bad-faith assertion of patent infringement through Amazon's Patent Evaluation Express ("APEX") program. In support thereof, Plaintiffs allege as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of noninfringement and invalidity of a United States Patent pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, together with related claims for unfair competition and tortious interference with Plaintiffs' prospective economic advantage under

Illinois common law.

2. SemiTech initiated an APEX proceeding against Plaintiffs by submitting an APEX Agreement alleging that Plaintiff Verona Sky's (Seller ID: A2FOCRURH1KCXI) sale of the product identified by ASIN B0GVY9X1BK and Plaintiff JY Furniture's (Seller ID: A2X7CDHMNPLRWT) sale of the product identified by ASIN B0FLJLV8WN (collectively, the "Accused Products") infringe claim 1 of the '988 Patent.

3. Plaintiffs deny that the Accused Products infringe any valid or enforceable claim of the '988 Patent. Plaintiffs further contend that claim 1 of the '988 Patent is invalid, including in view of prior art.

4. By initiating the APEX proceeding, SemiTech has created an imminent threat that the Accused Products will remove the Accused Products, thereby disrupting Plaintiffs' business operations and interfering with their ability to sell the Accused Products. SemiTech's infringement accusation has thus created an actual, immediate, and justiciable controversy between the parties, warranting resolution by this Court through declaratory relief.

## THE PARTIES

5. Plaintiff Verona Sky International Trading Co., Ltd. d/b/a Verona Sky is a California company organized and existing under the laws of California, with its principal place of business located at 40 N Altadena Dr, Ste 200D, Pasadena, CA 91107.

6. Plaintiff Chengdu Jieyuan Dunzhi E-Commerce Co., Ltd. d/b/a JY Furniture is a company organized and existing under the laws of the People's Republic of China with its principal place of business located outside of this country.

7. Upon information and belief, Defendant Semisilicon Technology Corp. is a company organized and existing under the laws of Taiwan with its principal place of business

located at No. 504-8, Yuanshan Rd., Zhonghe Dist., New Taipei City 235, Taiwan (R.O.C.).

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 1 *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court also has supplemental jurisdiction over Plaintiffs' related state-law claims pursuant to 28 U.S.C. § 1367(a).

9. This Court has personal jurisdiction over SemiTech. SemiTech has undertaken patent-enforcement activity against Plaintiffs by initiating the APEX proceeding at issue in this action, seeking removal of Plaintiffs' Accused Products from Amazon. The Accused Products are offered for sale to and purchased by consumers in Illinois, and removal of the Accused Products would interfere with Plaintiffs' sales and business activities in Illinois. Furthermore, SemiTech has purposefully availed itself of the privilege of conducting activities in Illinois by voluntarily invoking this Court's jurisdiction to enforce its U.S. patent rights through patent-infringement litigation filed and prosecuted in this District. *See Semisilicon Technology Corp. v. Chanzhou Jutai Electronic Co. et al.*, No. 1:25-cv-07388, Dkt. No. 1 (N.D. Ill. July 1, 2025). Accordingly, SemiTech has sufficient contacts with Illinois such that the exercise of personal jurisdiction comports with due process.

10. Alternatively, this Court may exercise personal jurisdiction over SemiTech pursuant to Federal Rule of Civil Procedure 4(k)(2). Plaintiffs' declaratory judgment claims arise under federal patent law, and SemiTech has purposefully directed patent-enforcement activities toward the United States, including by asserting the '988 Patent against Plaintiffs' Accused Products through Amazon's APEX program and seeking removal of the Accused Products from

Amazon in the United States. SemiTech therefore has sufficient contacts with the United States as a whole such that the exercise of personal jurisdiction under Rule 4(k)(2) is consistent with the United States Constitution and laws.

11. Venue is proper in this District under 28 U.S.C. 1391(c)(3) because SemiTech is a foreign entity not residing in the United States and, therefore, may be sued in any judicial district.

**PATENT-IN-SUIT**

12. A patent application entitled "Light emitting diode lamp package structure and assembly thereof," with Application No. 12/153,910, was filed on May 28, 2008, and ultimately issued as U.S. Patent No. 8,124,988 on February 28, 2012. The '988 Patent identifies Jacky Peng as the sole inventor. A true and correct copy of the '988 Patent is attached hereto as Exhibit A.

13. The USPTO Assignment Database reflects that Jacky Peng executed an assignment of his rights in Application No. 12/153,910 to SemiTech on May 19, 2008, which was recorded on May 28, 2008 at Reel/Frame 21070/0362.

14. The '988 Patent concerns light emitting diode ("LED") lamp package structures incorporating multiple LEDs and associated control circuitry. An exemplary figure from the '988 Patent is shown below:



15. Claim 1 of the ’988 Patent is directed to an LED lamp package structure, and provides as follows:

> 1. A LED lamp package structure, comprising:
>
> (a) a plurality of light emitting diodes, each light emitting diode having two electrode ends and one of the electrode ends being a common electrode end;
>
> (b) a control integrated circuit, having a data input electrode, a data output electrode, a positive power-in electrode, and a negative power-in electrode, and electrically connected to the light emitting diodes, wherein the control integrated circuit receives external control data via the data input electrode to control the illumination state of each light emitting diode according to the external control data;
>
> (c) a first conductor, a second conductor, a third conductor, and a fourth conductor, the first conductor being a positive DC voltage pad and connected to the common electrode of each light emitting diode and the positive power-in electrode of the control integrated circuit, the second conductor being connected to the data input electrode, the third conductor being connected to the data output electrode, the fourth conductor being a negative DC voltage pad and connected to the negative power-in electrode of the control integrated circuit; and
>
> (d) a package body encapsulating the light emitting diodes, the control integrated circuit and the conductors, a portion of the first conductor, the second conductor, the third conductor, and the fourth conductor being exposed outside the package body.

16. On November 17, 2023, a third party filed a request for ex parte reexamination of the ’988 Patent, which was assigned Control No. 90/015,328. The USPTO ordered reexamination on February 15, 2024 after finding substantial new questions of patentability, including whether claim 1 was anticipated by prior art reference(s).

17. During the reexamination proceeding, SemiTech represented to the USPTO that a “pad,” as recited in claim 1, is a “metalized area on the surface of an active substrate as an integral portion of the conductive interconnection pattern to which bonds or test probes may be applied,” and distinguished a “pad” from a “pin,” which it described as a “slender, straight, stiff prong.” SemiTech further represented that its definition of “pad” was consistent with Figures 4A, 4B, and 8 of the ’988 Patent. *See* Ex. B (“Applicant Arguments”) at 18-19. The USPTO subsequently

confirmed the patentability of claim 1 following reexamination.

## BACKGROUND

18. Plaintiff Verona Sky is a company that sells furniture and related products on Amazon through the Verona Sky storefront and under, among other brands, the “GTPlayer” brand. Its products include office chairs, desks, and other furniture products, including the accused product identified by ASIN B0GVY9X1BK.

19. Plaintiff JY Furniture is a company that sells furniture and related products on Amazon through the JY Furniture storefront and under, among other brands, the “GTPlayer” brand. Its products include office chairs, desks, storage organizers, and other furniture products, including the accused product identified by ASIN B0FLJLV8WN.

20. The Accused Products are gaming chairs that incorporate LED light strips comprising multiple LED packages. Exemplary images of the Accused Products are shown below.

| ASIN B0GVY9X1BK | ASIN B0FLJLV8WN |
|---|---|
|  |   |

21. On August 18, 2026, each Plaintiff received a notification from Amazon stating that SemiTech had reported its respective Accused Product as infringing the '988 Patent. The notifications identified SemiTech as the patent owner. True and correct copies of the notifications are attached hereto as Exhibit C.

22. Amazon's notifications were accompanied by the same APEX Agreement, in which SemiTech identified claim 1 of the '988 Patent as the asserted claim for evaluation and listed multiple allegedly infringing ASINs, including the two ASINs corresponding to the Accused Products. A true and correct copy of the APEX Agreement is attached hereto as Exhibit D.

23. Amazon's notifications informed Plaintiffs that, if they wished to continue selling the Accused Products, they were required to take action within three weeks. Plaintiffs could seek to resolve SemiTech's infringement claim directly with SemiTech either by obtaining a retraction from SemiTech or by pursuing the dispute in federal district court, including by filing a declaratory judgment action. *See* Exhibit C.

24. Alternatively, Plaintiffs could elect to participate in Amazon's neutral patent evaluation process by agreeing to the APEX Agreement, submitting the required seller information, and paying the required deposit within the same three-week period. *Id*.

25. Amazon further informed Plaintiffs that, if they did not either resolve SemiTech's claim or agree to participate in the neutral evaluation process within the three-week period, Amazon would remove the identified listings, together with any materially identical variants. *Id*.

26. Plaintiffs elect to pursue the dispute in federal court rather than participate in Amazon's neutral evaluation process because that expedited process cannot fully resolve all disputes between the parties, including whether claim 1 of the '988 Patent is valid and Plaintiffs' related state-law claims arising from SemiTech's enforcement conduct.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment of Non-Infringement of the ’988 Patent)**

27. Plaintiffs repeat and incorporate by reference the allegations of paragraphs 1-26 of this Complaint as if fully set forth herein.

28. SemiTech claims to own all rights, title, and interest in and under the ’988 Patent.

29. Plaintiffs do not directly or indirectly infringe claim 1 of the ’988 Patent, either literally or under the doctrine of equivalents, at least because the Accused Products do not comprise: (1) a first conductor being a positive DC voltage pad and connected to the common electrode of each light emitting diode; and (2) a fourth conductor being a negative DC voltage pad and connected to the negative power-in electrode of the control integrated circuit.

30. By way of example, the LED packages incorporated into the Accused Products do not include a “first conductor being a positive DC voltage pad” or a “fourth conductor being a negative DC voltage pad.” Instead, their external conductors are leads, which are portions of a stamped metal lead frame around which the package body is molded. Lead is therefore part of the metal structure itself, not a layer of metal applied to the surface of some other material. Such leads are not metalized areas on the surface of an active substrate, which is what SemiTech represented the claimed “pads” to be during reexamination.

<table>
<tr><th>The ’988 Patent</th><th>Accused Product</th></tr>
<tr><td>



*Figure 1. The '988 Patent FIG. 4A (Annotated)*

In the ’988 patent, each pad (14, 15, 16) is a metalized area (Pad) on the surface of package body 19. Because the pad is separate from the internal circuit board 13, conductive metal wires 18 is required to carry current from the board to the pad.
</td><td>



*Figure 2. Product Specification for Model HX-SRV2020Q5-CDMW39S (Annotated)*




*Figure 3. Internal Structure of the Accused LED Package*

Leads are part of the lead frame itself, not a layer of a substrate. Since they are same piece of stamped metal, no wires needed to connect to the circuit board.
</td></tr>
</table>

31. SemiTech’s statements during reexamination regarding constructions of the claimed “pad” limitations further limit the scope available to SemiTech under the doctrine of

equivalents.

32. There is an actual, substantial, immediate, and justiciable controversy between SemiTech and Plaintiffs regarding whether Plaintiffs have infringed claim 1 of the ’988 Patent by making, using, offering for sale, selling, and/or importing the Accused Products in the United States. A judicial declaration is appropriate and necessary to determine the parties’ respective rights regarding claim 1 of the ’988 Patent.

33. Plaintiffs are entitled to a declaratory judgment that Plaintiffs do not directly or indirectly infringe, literally or under the doctrine of equivalents, claim 1 of the ’988 Patent through their making, using, offering for sale, selling, and/or importing the Accused Products.

34. Plaintiffs expressly reserve the right to assert additional grounds of noninfringement as appropriate following inspection of the Accused Products, the completion of discovery, and the Court’s construction of the claims.

**SECOND CAUSE OF ACTION**
**(Declaratory Judgment of Invalidity of the ’988 Patent)**

35. Plaintiffs repeat and incorporate by reference the allegations of paragraphs 1-34 above as if fully set forth herein.

36. Claim 1 of the ’988 Patent is invalid for failure to meet the conditions of patentability or otherwise comply with one or more of pre-AIA 35 U.S.C. §§ 102 (e.g., lack of novelty), 103 (e.g., obviousness), and/or 112 (e.g., lack of enablement, lack of written description, or indefiniteness).

37. For example, claim 1 of the ’988 Patent is invalid as anticipated and/or obvious under pre-AIA 35 U.S.C. §§ 102 and 103 based at least on the following prior art: (i) Chinese Utility Model Publication No. CN 201017882 Y to Lai, published February 6, 2008 (“Lai”), attached hereto as Exhibit E; (ii) U.S. Patent Application Publication No. 2004/0079957 A1 to

Andrews et al., published April 29, 2004 ("Andrews"), attached hereto as Exhibit F; and (iii) U.S. Patent No. 6,777,891 to Lys et al., issued August 17, 2004 ("Lys"), attached hereto as Exhibit G.

38. Claim 1 of the '988 Patent is invalid under pre-AIA 35 U.S.C. § 102 as anticipated by Lai, which also discloses the LED package, control integrated circuit, and four-conductor architecture recited in claim 1.

39. Alternatively, claim 1 is invalid under pre-AIA 35 U.S.C. § 103 over Lai in view of Andrews. Claim 1 is further invalid as obvious over Lys in view of Andrews. Andrews teaches surface-mount conductive pads, while Lai and Lys disclose the LED-control structures with which those teachings may be combined. A person of ordinary skill in the art would have been motivated to apply Andrews's known surface-mount pad configuration to the LED structures disclosed by Lai and Lys, with a reasonable expectation of success.

40. There is an actual, substantial, immediate, and justiciable controversy between SemiTech and Plaintiffs regarding the validity of claim 1 of the '988 Patent. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the '988 Patent.

41. Plaintiffs are entitled to a declaratory judgment that claim 1 of the '988 Patent is invalid.

42. Plaintiffs reserve the right to assert additional grounds of invalidity after conducting discovery and after the Court has construed the claims.

## THIRD CAUSE OF ACTION
## (Tortious Interference with Prospective Economic Advantage)

43. Plaintiffs repeat and incorporate by reference the allegations of paragraphs 1-42 above as if fully set forth herein.

44. Plaintiffs have existing and prospective business relationships with Amazon through their Amazon storefronts and with existing and prospective purchasers of Plaintiffs'

products through those storefronts, including purchasers of the Accused Products. Plaintiffs have a reasonable expectation of continuing to sell the Accused Products through their Amazon storefronts and entering into additional sales with existing and prospective customers.

45. SemiTech knew of Plaintiffs' business relationships and expectancies because Plaintiffs' Amazon storefronts and product listings are publicly available, and SemiTech specifically identified and targeted the Accused Products in its APEX complaint to Amazon.

46. SemiTech intentionally and unjustifiably interfered with Plaintiffs' business relationships and expectancies by submitting its APEX complaint directly to Amazon, alleging that the Accused Products infringe claim 1 of the '988 Patent and seeking removal of the Accused Products from Amazon.

47. SemiTech's infringement allegations were objectively baseless because the Accused Products do not contain the "positive DC voltage pad" and "negative DC voltage pad" limitations required by claim 1. No reasonable litigant could realistically expect to establish infringement of claim 1 in the absence of those limitations.

48. SemiTech knew, or acted in reckless disregard of the fact, that its infringement allegations lacked a reasonable basis. During reexamination of the '988 Patent, SemiTech represented to the USPTO that the claimed "pads" are metalized areas on the surface of an active substrate. SemiTech nevertheless asserted claim 1 against the Accused Products, whose external conductors are portions of a metal lead frame rather than metalized areas on the surface of an active substrate. SemiTech invoked Amazon's APEX process for the purpose of restricting Plaintiffs' ability to sell the Accused Products and disrupting Plaintiffs' sales and customer relationships.

49. SemiTech's objectively baseless and bad-faith assertion of the '988 Patent has placed Plaintiffs' existing and prospective business relationships at imminent risk by threatening

the continued sale of the Accused Products through Amazon.

50. Unless SemiTech's enforcement efforts are stopped, Amazon will remove the Accused Products, which would disrupt Plaintiffs' Amazon sales, prevent prospective sales to customers, cause lost sales and profits, and harm Plaintiffs' customer relationships and goodwill.

51. SemiTech's conduct constitutes tortious interference with Plaintiffs' prospective economic advantage under Illinois common law.

**FOURTH CAUSE OF ACTION**
**(Unfair Competition under Illinois Common Law)**

52. Plaintiffs repeat and incorporate by reference the allegations of paragraphs 1-51 above as if fully set forth herein.

53. Plaintiffs maintain valuable existing and prospective economic relationships with Amazon and with existing and prospective customers through their Amazon storefronts, including through the marketing and sale of the Accused Products.

54. SemiTech knew that Plaintiffs relied on their Amazon storefronts to market and sell the Accused Products and to maintain and develop economic relationships with Amazon customers.

55. SemiTech engaged in unfair marketplace conduct by submitting an APEX complaint to Amazon alleging that the Accused Products infringe claim 1 of the '988 Patent and seeking removal of the Accused Products from the Amazon marketplace.

56. SemiTech's infringement allegations were objectively baseless and made in bad faith. The Accused Products do not satisfy at least the "positive DC voltage pad" and "negative DC voltage pad" limitations required by claim 1 of the '988 Patent. Instead, their external conductors are portions of a metal lead frame, rather than metalized areas on the surface of an active substrate that SemiTech had represented to the USPTO as constituting the claimed "pads." Given this structural difference, SemiTech knew that its infringement allegations lacked a

reasonable basis or acted in reckless disregard of that fact. No reasonable litigant could realistically expect to establish that the Accused Products infringe claim 1 of the ’988 Patent.

57. SemiTech directed those objectively baseless infringement allegations to Amazon, a third party through which Plaintiffs conduct their business, for the improper purpose of inducing Amazon to remove the Accused Products from its marketplace and thereby interfering with Plaintiffs’ ability to market and sell those products and to maintain and develop their economic relationships through Amazon. SemiTech’s objectively baseless and bad-faith assertion of the ’988 Patent constitutes unfair competition under Illinois common law.

58. As a direct and proximate result of SemiTech’s conduct, Plaintiffs face an imminent threat of harm to their business relationships, sales, goodwill, and ability to market and sell the Accused Products through Amazon. Unless SemiTech’s conduct is enjoined, the Accused Products remain at risk of removal from Amazon, threatening irreparable disruption of Plaintiffs’ existing and prospective economic relationships with Amazon and Amazon customers.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor and grant the following relief:

A. That the Court enter judgment declaring that Plaintiffs have not infringed and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, claim 1 of the ’988 Patent by making, using, offering for sale, selling, and/or importing the Accused Products;

B. That the Court enter judgment declaring that claim 1 of the ’988 Patent is invalid;

C. That the Court enter judgment in favor of Plaintiffs and against SemiTech on Plaintiffs’ claims for tortious interference with prospective economic advantage and unfair competition under Illinois common law, and award Plaintiffs damages in an amount to be proven

at trial;

D. That the Court permanently enjoin SemiTech, its officers, agents, servants, employees, attorneys, and those in active concert or participation with them, from asserting or attempting to enforce against Plaintiffs or the Accused Products any claim that the Accused Products infringe claim 1 of the ’988 Patent to the extent inconsistent with the Court’s judgment, including through Amazon’s APEX process or other complaints directed to Amazon; from interfering with Plaintiffs’ sale of the Accused Products based on any such claim; and from tortiously interfering with Plaintiffs’ existing or prospective economic relationships or engaging in unfair competition under Illinois common law by asserting or attempting to enforce any such claim.

E. That the Court order SemiTech to withdraw or retract any pending APEX complaint asserting that the Accused Products infringe claim 1 of the ’988 Patent, to the extent inconsistent with the Court’s judgment;

F. That the Court determine that this is an exceptional case pursuant to 35 U.S.C. § 285 and award Plaintiffs their reasonable attorneys’ fees;

G. That the Court award Plaintiffs their costs and disbursements incurred in this action as permitted by law;

H. That the Court award Plaintiffs pre-judgment and post-judgment interest to the extent permitted by law; and

I. That the Court grant Plaintiffs such other and further relief, at law or in equity, as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED: September 4, 2026

Respectfully submitted,

By: */s/ Tianqin Zhao*
Tianqin Zhao (DC Bar No. 90027862)
Shaoyi Che (Texas Bar No. 24139843)
**YoungZeal LLP**
9355 John W. Elliot Drive
Suite 25555
Frisco, Texas 75033
zhao@yzlaw.com
che@yzlaw.com
(929) 290-2088